UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 08-158-DLB

BEVERLY JEAN GOODPASTER                                                            PLAINTIFF


vs.                          **MEMORANDUM OPINION & ORDER**


MICHAEL J. ASTRUE, Commissioner
SOCIAL SECURITY ADMINISTRATION                                                    DEFENDANT

\*   \*   \*   \*   \*   \*   \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security.  The Court, having reviewed the record and the parties' dispositive motions, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Beverly Goodpaster filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) payments on October 19, 2004.  (Tr. 61-65).  At the time of filing, Plaintiff was 39 years old and alleged a disability onset date of September 30, 2004[1].  (Tr. 61).  She asserts she is disabled due to hearing loss exacerbated by recurrent ear infections which prevent her from wearing hearing aids, and depression.  (Tr. 78).  Her application was denied initially and on reconsideration.  (Tr. 48-50, 53-55).  At Plaintiff's request, administrative hearings were conducted on March 2, 2006, and July 18,

---

[1] At the first hearing before Administrative Law Judge (ALJ) Keller, Plaintiff amended her disability onset date to October 6, 2004.  (Tr. 21, 394).

2006, by ALJ Timothy Keller.[2] (Tr. 389-420). On September 18, 2006, the ALJ ruled that Plaintiff was not disabled and therefore not entitled to DIB or SSI payments. (Tr. 21-29). This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on February 6, 2008. (Tr.9-11).

On March 27, 2008, Plaintiff filed the instant action. (Doc. #1). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. #11, 12).

## II. DISCUSSION

### A.     Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). Moreover, even if there is evidence favoring Plaintiff's side, the Commissioner's findings must be affirmed if supported by substantial evidence.

---

[2] During the first hearing on March 2, 2006, ALJ Keller determined from the record that consultative examinations were necessary, and continued the hearing pending such examinations. (Tr. 395-96). Following the performance of the consultative examinations, the hearing was resumed on July 18, 2006. (Tr. 400).

*Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781 (6th Cir. 1996).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, alone or in combination, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform her past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the amended onset date of disability. (Tr. 24). At Step 2, the ALJ found Plaintiff's hearing loss to be a "severe" impairment within the meaning of the regulations, but determined that her depression and related cognitive difficulties to be non-severe impairments as neither significantly limited Plaintiff's ability to do basic work activites. (Tr. 25-26).

At Step 3, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meet or medically equal, one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 26). Specifically, the ALJ evaluated her

hearing loss under Listing 2.08 (Hearing Impairments), concluding that Plaintiff did not meet or equal the requirements of the Listing.

At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to hear normal conversation, "but should have no prolonged exposure to loud noise." (Tr. 27). Based upon this finding, the ALJ concluded that Plaintiff is able to perform all her past relevant work,[3] with the exception of highway flagger, and is therefore not disabled. (Tr. 28).

Although technically the five-step sequential analysis ends once an ALJ finds that a Plaintiff has the RFC to perform his or her past relevant work, *see Preslar*, 14 F.3d at 1110, the ALJ elected to proceed to Step 5, and found that there are a significant number of cleaning, assembly and/or housekeeping jobs Plaintiff can perform despite her hearing loss. (Tr. 28). This conclusion resulted from testimony by a vocational expert (VE), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC. (Tr. 413-415).

**C.    Analysis**

Plaintiff's only argument on appeal that the ALJ should have found her disabled under Listing 2.08. To demonstrate disability under Listing 2.08, Plaintiff must demonstrate that she suffers from hearing not restorable by a hearing aid manifested by:

A.    Average hearing threshold sensitivity for air conduction of 90 decibels or greater and for bone conduction to corresponding maximal levels in the better ear, determined by the simple average of hearing threshold levels at 500, 1000 and 2000 hz; or

---

[3] Plaintiff's past relevant work as a day care assistant, elder care worker, and retail cashier was identified by the vocation expert at Plaintiff's second hearing as light, unskilled work. (Tr. 28).

   B. Speech discrimination scores of 40 percent or less in the better ear.

20 C.F.R., Pt. 404, Subpt. P, App'x 1, Listing 2.08.  Plaintiff contends that she meets the requirements of Listing 2.08 because her treating otolaryngologist, Raleigh Jones, stated in interrogatories that Plaintiff "cannot hear normal speech without bilateral hearing aids," and will not be able to wear hearing aids until "after she has had surgery to address recurrent hear infections."  (Tr. 359).

  Despite Plaintiff's assertions to the contrary, the ALJ's finding that Plaintiff's hearing loss does not satisfy either subsection of Listing 2.08 and Plaintiff can hear normal conversation is supported by substantial evidence.  For Plaintiff to qualify as disabled under Listing 2.08, auditory testing would have to demonstrate a hearing threshold sensitivity for air conduction of 90 decibels or greater, or speech discrimination scores of 40 percent or less in the better ear.  However, auditory testing conducted on April 27, 2006 indicates that, while severe, Plaintiff's hearing loss does not satisfy either subsection of Listing 2.08.  Pure tone audiometry testing indicates that Plaintiff has an average hearing threshold sensitivity for air conduction of 72 decibels in the right ear, and 75 decibels in the left ear; and for bone conduction of 53 decibels in the right ear, and 63 decibels in the left ear.  (Tr. 274). In addition, Plaintiff was found to have a speech reception threshold of 55 decibels in the right ear, 65 decibels in the left ear, and speech discrimination scores of 100 percent in the right ear at 90 decibels, and 96% in the left ear at 95 decibels.  (Tr. 261, 274).  These results plainly indicate that Plaintiff does qualify as disabled under Subsection A of Listing 2.08.

Although Plaintiff's treating physician opined that Plaintiff could not hear normal conversation, it was not error for the ALJ to discount Dr. Jones opinion as it was not supported by the testing results in the record. *See* C.F.R. §§ 404.1527(d), 416.927(d). Therefore, the ALJ did not err in finding that Plaintiff's hearing loss does not meet or equal Listing 2.08.

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #12) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. # 11) is hereby **GRANTED**.

A judgment affirming this matter will be entered contemporaneously herewith.

This 10th day of March, 2009.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\SocialSecurity\MOOs\5-08-158-GoodpasterMoo.wpd